IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GENERAL PARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV127 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GLENN A. CHRISTENSEN d/b/a | ) | |
| BURT COUNTY AUTO PARTS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Amend Complaint (Filing No. 19). The plaintiff filed a draft of the proposed amended complaint with the motion (Filing No. 19 Ex. A). The plaintiff also filed an index of evidence (Filing No. 20) in support of the motion. The defendant did not respond to the motion.

The plaintiff filed the instant action on April 8, 2009. **See** Filing No. 1 - Complaint. The plaintiff filed evidence the defendant was served on April 13, 2009. **See** Filing No. 7. Because no answer was timely filed, the plaintiff filed a motion for Clerk's Entry of Default on May 6, 2009. **See** Filing No. 9. On May 7, 2009, the Clerk of Court entered default pursuant to Fed. R. Civ. P. 55(a). **See** Filing No. 11. On May 13, 2009, the defendant filed a motion to set aside the entry of default. **See** Filing No. 12. The court held the defendant's motion in abeyance and gave the defendant an opportunity to secure legal counsel. **See** Filing No. 13. Although no counsel entered an appearance for the defendant, on June 11, 2009, the plaintiff notified the court that the parties had reached a settlement agreement. **See** Filing No. 14. Based on the notice of settlement, the defendant's motion to set a side entry of default was terminated, as moot. *Id.* The plaintiff moved for, and received, two extensions of the dismissal deadline due to the plaintiff's difficulty in communicating with the defendant. **See** Filing Nos. 15 and 17.

On August 17, 2009, the plaintiff moved to amend the complaint. **See** Filing No. 19. The plaintiff states that the defendant has not complied with the terms of the settlement agreement. The plaintiff states the defendant has not returned telephone calls or correspondence regarding the matter. The plaintiff now seeks to amend the complaint to seek specific performance of the settlement agreement, a preliminary injunction, and attorney's fees in conjunction with the earlier alleged trademark infringement claims.

**ANALYSIS**

Under Federal Rule of Civil Procedure 15(a)(1), the plaintiff may amend the complaint "once as a matter of course: (A) before being served with a responsive pleading." Otherwise, a court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Under the circumstances present, the plaintiff is allowed to amend the complaint as of right. In any event, the plaintiff's motion is timely as not progression order has yet been entered. Further, the plaintiff has shown good cause exists to allow an amendment, as requested. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Amend Complaint (Filing No. 19) is granted. The plaintiff shall have **until September 18, 2009**, to file the Amended Complaint.

2. The defendant shall have to **on or before October 5, 2009**, to file an answer or otherwise respond to the plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12.

3. The Clerk of Court shall mail a copy of this order to the defendant at:

>Glenn A. Christensen
>PO Box 82
>Tekamah, NE 68061

DATED this 4th day of September, 2009.

>BY THE COURT:
>
>s/ Thomas D. Thalken
>United States Magistrate Judge